IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| United States of America, | ) | Case No.: 8:21-CR-490-8 |
| Plaintiff, | ) | |
| vs. | ) | |
| Darius Tyvone Sadler, | ) | **ORDER** |
| Defendant. | ) | |

This matter is before the Court on Defendant's appeal of the magistrate judge's decision denying bond in the instant case. A district court reviews a magistrate judge's decision on pretrial detention *de novo*. United States v. Williams, 753 F.2d 329, 331 (4th Cir. 1985). "However, the district court need not conduct a new pretrial detention hearing; rather, the court may base its decision on the transcript of the original detention hearing and any additional evidence proffered by counsel." United States v. Boyd, 484 F. Supp. 2d 486, 487 (E.D. Va. 2007) (citing Williams, 753 F.2d at 331 & n.7, and 18 U.S.C. § 3142(f)).

After review of the pretrial services report, the transcript of the detention hearing, the detention order, and the record in this case, the Court finds that the magistrate judge fully considered the factors in 18 U.S.C. § 3142(g) and properly found by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure the Defendant's appearance as required. "With regard to the risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future court proceedings." United States v. Stewart,

No. 01-4537, 2001 WL 1020779, at *2 (4th Cir. Sept. 6, 2001) (unpublished) (citing United States v. Hazime, 762 F.2d 34, 37 (6th Cir.1985)).

The magistrate court found that there was a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3) because there was probable cause to believe that Defendant committed an offense under the Controlled Substances Act for which a maximum term of imprisonment of 10 years or more is prescribed. (DE 101, p. 2.) Further, the court found that Defendant had not introduced sufficient evidence to rebut the presumption of detention. Id. The magistrate court also found "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonable assure the safety of any other person and the community." Id. The court found that the reasons for detention included: (1) the weight of the evidence against the defendant is strong; (2) the defendant is subject to a lengthy period of incarceration if convicted; (3) he has a prior criminal history; (4) he participated in the criminal activity while on probation; and (5) he had a history of violence or use of weapons. Id. Further, the court found that:

> Probable cause exists to believe the Defendant engaged in a drug trafficking conspiracy while also being a felon in possession. Based on the Defendant's criminal history, and the fact that Defendant engaged in this criminal activity while on probation for burglary second degree in Anderson, and also continued to engage in the drug trafficking conspiracy (according to the timeline provided in the indictment) after being arrested on these same charges in Anderson County, the Court finds that that there are no conditions of release that will reasonably assure the safety of any other person and the community, or his appearance in Court as required by18 USC Section 3142(e)(3)(E).

(DE 101, p. 3.) Nevertheless, Defendant argues the magistrate erred when she denied Defendant's motion to strike TFO McDonald's testimony at the hearing because the United States did not comply with the Jencks Act and Rule 26.2, Fed R. Crim. Pro. This Court disagrees. Although the magistrate denied Defendant's motion, the court clarified and Defense Counsel conceded that the court could consider the record before it, to include the Defendant's criminal history and the

charges to determine if detention is appropriate. Therefore, this Court finds that the Defendant's detention is appropriate. Accordingly, based on the foregoing, this Court affirms the magistrate judge's decision to deny bond.

**IT IS SO ORDERED.**

                                              s/ Joseph Dawson III
                                              Joseph Dawson, III
                                              United States District Judge

August 26, 2021
Greenville, South Carolina